**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: February 16, 2022
Date Decided: March 4, 2022

David A. Dorey, Esq.
Brandon W. McCune, Esq.
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801

Vatican Challenge 2017, LLC
c/o Delaware Secretary of State
401 Federal Street, Suite 4
Dover, Delaware 19901

Alisa E. Moen, Esq.
MOEN LAW LLC
2961 Centerville Road, Suite 350
Wilmington, Delaware 19808

Brian Gottesman, Esq.
GABELL BEAVER LLC
1207 Delaware Avenue, #2
Wilmington, Delaware 19806

RE: *Badr Abdelhameed Dhia Jafar v. Vatican Challenge 2017, LLC*,
C.A. No. 2020-0151-SG

Dear Counsel:

The Plaintiff and the former Receiver in this matter, Alisa Moen, Esq., have filed cross-motions for reargument of my Letter Opinion of February 8, 2022.[1] The Receiver was appointed on behalf of the Plaintiff in the underlying books-and-records action, but the Order appointing her (the "Receivership Order") directed the Defendant corporation, which had defaulted, to pay her fees. I have held the Defendant in contempt for its failure to pay the Receiver's fees. A dispute arose between the Plaintiff and the Receiver about whether the Plaintiff is

---

[1] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 365142 (Del. Ch. Feb. 8, 2022).

responsible for those fees in light of the failure of the Defendant to comply. The Receiver moved to compel the Plaintiff to pay her fees (the "Fee Motion"). In the Letter Opinion, I found that the Plaintiff was responsible for the Receiver's fees incurred pursuant to her role in this matter, but not for fees-on-fees; that is, not for the cost of attempting to collect her fees and costs from the Plaintiff, including by litigating the Fee Motion.[2]

The Plaintiff's Motion for Reconsideration[3] (the "Plaintiff's Motion") asks me to reconsider my holding in the Letter Opinion that the Plaintiff is responsible for the Receiver's fees incurred in this matter. In the Receiver's "Motion for Clarification and Reconsideration"[4] (the "Receiver's Motion"), the Receiver seeks her legal fees in connection with litigation over whether the Plaintiff should be responsible for her substantive fees. For the reasons below, I find that neither party has articulated grounds for reargument.

In the Fee Motion, the Receiver alleged litigation misconduct against her on the part of the Plaintiff, which I found insufficient to justify shifting fees-on-fees under the American Rule that each party should bear its own fees. In the Receiver's Motion, the Receiver clarifies that she was not citing bad faith litigation to avoid the American Rule, but instead in an attempt to shift the costs of the fee

---

[2] *Jafar*, 2022 WL 365142, at *4–6.
[3] Actually, a motion for reargument under Court of Chancery Rule 59(f).
[4] Again, a motion for reargument under Rule 59(f).

litigation from the Plaintiff to Plaintiff's *Counsel.* I considered the allegations of litigation misconduct and found it insufficient to shift fees, however; this applies to both Plaintiff and its Counsel. As I pointed out in the Letter Opinion, nothing therein relieved the Defendant from its obligation to compensate the Receiver, including her fees-on-fees as appropriate.

The Receiver's main point in the Receiver's Motion appears to be that she was not a litigant, but instead an officer of the Court who deserved payment. I agree, and ordered payment, after a finding of contempt, against the Defendant. The question before me on the Fee Motion, however, was whether the Plaintiff must pay the Receiver's fees *despite* the fact that my Orders had placed responsibility for payment of the Receiver on the Defendant, and *not* the Plaintiff. For all the reasons in the Letter Opinion, I found that equity so required. However, in that dispute over fees, the Plaintiff and the Receiver were in a litigation posture, as demonstrated by the Fee Motion, and as reflected by the Receiver's assertion that she has incurred almost *$42 thousand dollars*[5] in this litigation to recoup $96,768.60 in substantive fees. For the reasons set out in the Letter Opinion, equity does not support shifting this cost to the Plaintiff.

---

[5] As explained below, this may include fees incurred in an attempt to cause the Defendant to comply with the Receivership Order, which are payable by the Plaintiff.

Motions for reargument are designed to remedy a situation where the Court has misunderstood a material fact, or misapplied established law, in a way that affected the outcome of a decision.[6] As neither is present here, the Receiver's Motion is DENIED to the extent that it seeks reargument.

I note that the Receiver's duties under the Receivership Order involved enforcing compliance with the Receivership Order itself, including the Defendant's obligation under the Receivership Order to pay her fees and costs.[7] Accordingly, although the fees and costs incurred by the Receiver in attempting to collect her fees in this matter from *the Plaintiff* are fees-on-fees subject to the American Rule, any fees and costs incurred by the Receiver in attempting to collect from *the Defendant* fall within the scope of her receivership duties, for which the Plaintiff is responsible. In the Letter Opinion, I noted that it was unclear whether certain of the Receiver's fees and costs, such as those incurred in connection with a "mediation statement," were fees-on-fees or fees and costs incurred in connection with the Receiver's duties in this matter.[8] To the extent that they were incurred in attempting to collect from the Plaintiff, they are fees-on-fees subject to the American Rule, and I decline to shift them to the Plaintiff. To the extent they were incurred in attempting to collect from the Defendant, they were incurred pursuant

---

[6] *Feuer v. Zuckerberg*, 2021 WL 5174098, at *1 (Del. Ch. Nov. 8, 2021).
[7] Order ¶¶ 1, 5, Dkt. No. 21.
[8] *Jafar*, 2022 WL 365142, at *6.

to the Receivership Order, and equity requires the Plaintiff to pay them. Accordingly, the Receiver's Motion for clarification is GRANTED to the extent that this paragraph serves to clarify the Letter Opinion.

As to the Plaintiff's Motion, the Plaintiff merely repeats the same arguments he made in opposition to the Fee Motion: that the Receiver's fees are unreasonable, and should be borne by the Defendant, or the Defendant's manager personally. I rejected those arguments in the Letter Opinion. Where a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied."[9] Accordingly, the Plaintiff's Motion is DENIED. To the extent that the Plaintiff's Motion seeks a stay of the order enforcing the Letter Opinion, and this opinion, that request is DENIED.

For the forgoing reasons, the Receiver's Motion is GRANTED IN PART and DENIED IN PART. The Plaintiff's Motion is DENIED. As required by the Letter Opinion, the Receiver has filed an updated affidavit of her fees and costs incurred in this matter, excluding (i) fees-on-fees and (ii) fees incurred after September 2, 2021, along with an accompanying proposed order. To the extent

---

[9] *Zuckerberg*, 2021 WL 5174098, at *1 (quoting *Wong v. USES Holding Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016)).

5

that the clarification in this opinion requires an amendment to that affidavit and proposed order, the Receiver should file an amended proposed order promptly.

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:     All counsel of record (by *File & ServeXpress*)